**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

HEATHER DOUGLAS,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

No. C12-3014-MWB
(CR08-3016-MWB)

**ORDER REGARDING
RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT
CONCERNING PETITIONER'S *PRO
SE* § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Petitioner's Charges and Sentence* . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Petitioner's § 2255 Motion and Respondent's Motion to Dismiss* . . . . . . 3
    *C. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Summary Judgment Standards* . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *B. Timeliness of Douglas's § 2255 Motion* . . . . . . . . . . . . . . . . . . . 7
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 10

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

This case is before me on petitioner Heather Douglas's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.   The respondent has moved to dismiss, contending that Douglas's § 2255 motion is untimely.

## I.  INTRODUCTION AND BACKGROUND
### A.  Petitioner's Charges and Sentence

On April 24, 2008, a grand jury returned an indictment charging Douglas with conspiring to distribute 500 grams or more of methamphetamine and to distribute 50 grams or more of pure methamphetamine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a), distributing 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A) and 1956(a)(1)(B).   On July 25, 2008, Douglas appeared before then Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1, 2, 7 and 8 of the indictment.   On this same date, Judge Zoss filed a Report and Recommendation in which he recommended that Douglas's guilty plea be accepted.   I accepted Douglas's guilty plea on August 18, 2008.   On April 7, 2009, Douglas was sentenced to 180 months imprisonment on Counts 1, 2, 7, and 8, all to be served concurrently.   She was also sentenced to 120 months of supervised release on Count 1, 48 months of supervised release on Count 2, and 36 months of supervised release on Counts 7 and 8, all to be served concurrently.   Douglas did not appeal her sentence.

### B. *Petitioner's § 2255 Motion and Respondent's Motion to Dismiss*

On February 9, 2012, Douglas filed her *pro se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 2) ("Motion").   In her motion, Douglas alleges her trial counsel provided ineffective assistance, in violation of the Sixth Amendment, by failing to file a notice of appeal. Douglas also argues her counsel provided ineffective assistance by failing to challenge the drug quantities involved in her case as well as the purity of methamphetamine.  She further contends that her counsel was ineffective in failing to advise her of the possibility of being labeled a career offender and in not filing a bill of particulars to determine her role in the conspiracy.  On February 10, 2012, I conducted my initial review of Douglas's motion and directed the prosecution to file either an answer or an appropriate motion under Federal Rule of Civil Procedure 12 on or before April 10, 2012.   On March 12, 2012, the respondent filed its Motion to Dismiss.  The respondent contends that Douglas's § 2255 motion was not timely filed and should therefore be dismissed.  On April 5, 2012, Douglas filed her resistance to the respondent's motion.  In her response, Douglas contends that her § 2255 motion should be deemed timely because she had asked her trial counsel to file a notice of appeal, presumed that he had done so, and was "lulled" into inaction by these events.  On April 6, 2012, the respondent filed its reply brief.  The respondent attached to its reply brief documents and an affidavit from petitioner's former counsel.   On a motion to dismiss pursuant to Rule 12(b)(6), I ordinarily cannot consider matters outside of the pleadings, unless the court converts the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56.  *See* FED. R. CIV. P. 12(b)(6); *see also Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 & n.3 (8th Cir. 1996).   Under the circumstances, I converted the respondent's motion to dismiss into a motion for summary judgment.  *See* FED. R. CIV. P. 12(b).  I also found it appropriate to establish a schedule for submission

3

of all documents pertinent to a Rule 56 motion for summary judgment.  Douglas was given until June 11, 2012, to submit any additional materials pertinent to the respondent's motion for summary judgment.  Douglas filed a timely response to the respondent's motion for summary judgment but did not submit any additional materials.  The respondent did not file a reply to Douglas's response.

### C.  Factual Background

I will set forth sufficient facts, both undisputed and disputed, to put in context the parties' arguments concerning the respondent's motion for summary judgment.

On April 3, 2009, Douglas's trial counsel, Douglas Roehrich, visited Douglas while she was detained at the Plymouth County Jail awaiting sentencing.  During this visit, Roehrich alleges that he apprised Douglas of her appeal rights.  After Douglas was sentenced on April 7, 2009, Roehrich alleges that he again discussed with Douglas her appeal rights and she specifically told him that she did not wish to file an appeal.  On April 10, 2009, judgment was entered in Douglas's case.  On April 13, 2009, Roehrich sent Douglas a copy of the final judgment in a letter.  In the letter, Roehrich reviews Douglas's appeal rights and notes, "[y]ou have also advised me that you do not want to appeal." Roehrich Letter at 1, Ex. 2 attached to Respondent's Reply Br.  On April 14, 2009, Douglas sent a letter to Roehrich, acknowledging her receipt of his April 13th letter and asking several questions unrelated to the filing of an appeal.  On May 19, 2009, Roehrich accepted a collect telephone call from Douglas at the Plymouth County Jail in which she inquired if Roehrich could find out to which correctional facility she was being designated. Douglas did not mention an appeal or suggest that an appeal had been filed.

On July 30, 2009, Douglas filed a Motion for Transcripts and Investigative Reports. In her motion, Douglas stated that she was requesting these materials to assist her in

drafting a § 2255 motion.  On September 14, 2009, Roehrich received another letter from Douglas.  In her letter, Douglas asked for "all my paperwork."  Douglas Letter at 1, Ex.4, attached to Respondent's Reply Br.  Douglas also asked to be sent "the papers to fill our for a 2255."  *Id.*  Douglas does not mention an appeal in this letter or suggest that one had been filed on her behalf.  In response, on September 17, 2009, Roehrich sent Douglas a letter and enclosed a financial affidavit for the appointment of counsel.

## II.  *LEGAL ANALYSIS*

### A.  *Summary Judgment Standards*

Motions for summary judgment essentially "define disputed facts and issues and . . . dispose of unmeritorious claims [or defenses]."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 585 (2007) (internal quotation marks and citation omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . .").  Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").

A fact is *material* when it "'might affect the outcome of the suit under the governing law.'"  *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Thus, "the substantive law will identify which facts are material."  *Anderson*, 477 U.S. at 248.  An issue of material fact is

*genuine* if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248); *see Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (stating genuineness depends on "whether a reasonable jury could return a verdict for the non-moving party based on the evidence").

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue," *Hartnagel,* 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323), and demonstrating that it is entitled to judgment according to law. *See Celotex*, 477 U.S. at 323 ("[T]he motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))).

As the Eighth Circuit Court of Appeals has explained,

> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*,

---U.S. ----, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) *quoting Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, *quoting [*1043] Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (*en banc*).

Therefore, I will apply these standards to the respondent's motion for summary judgment.

### B. Timeliness of Douglas's § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220, established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

7

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

The finality of Douglas's conviction in this case is the only applicable date of the four statutory dates in § 2255(f)(1)-(4). Douglas makes no allegation that an unconstitutional or unlawful act by the government prevented her from filing her § 2255 motion within the one-year limitation period, *see* 28 U.S.C. § 2255(f)(2), nor does she assert that the Supreme Court recently recognized a right retroactively applicable to this § 2255 case. *See* §28 U.S.C. § 2255(f)(3). Moreover, Douglas does not state that the one-year limitation period under § 2255 should be calculated from a date, when through the exercise of due diligence, she discovered the facts supporting her arguments for relief. *See* 28 U.S.C. § 2255(f)(4).

There is no question that the one year limitation period for bringing a § 2255 motion in this case expired at least 22 months before Douglas filed her § 2255 motion. Douglas never appealed after judgment was entered on April 9, 2009. Therefore, Douglas's § 2255 one year limitation period expired on April 10, 2010, and, even if the 10 day time period in which she would have had to file a notice of appeal to the Eighth Circuit Court of Appeals were included in determining the date on which her conviction became final, that date would then become April 20, 2010, and Douglas's § 2255 motion would still be untimely unless the time period for filing such a motion is tolled.

8

Federal courts, including the Eighth Circuit Court of Appeals, have determined that the AEDPA's one year period of limitation is not jurisdictional and, therefore, is subject to equitable tolling in limited circumstances.  *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *accord Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999).  However, "'[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time.'"  *Runyan*, 521 F.3d at 945 (quoting *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)); *accord Jihad*, 267 F.3d at 805 (quoting *Kreutzer*, 231 F.3d at 463).

Here, as discussed above, Douglas argues that the AEDPA's one year statute of limitation should be equitably tolled due to her being mislead about the pendency of an appeal of her sentence and conviction.   However, Douglas has not established a genuine issue of material fact that this belief was reasonable and prevented her from filing her petition on time.  She has not rebutted Roehrich's assertion that she did not wish to file an appeal.  Although Douglas argues that she requested that he file an appeal, she has not come forward with any admissible evidence to refute Roehrich's sworn affidavit and documentary evidence.  On the record before me, no reasonable fact finder could find that Douglas ever requested Roehrich to file an appeal on her behalf.  Accordingly, Douglas has failed to show she is entitled to equitable tolling.  Therefore, the AEDPA's one year statute of limitation applies in this case and Douglas's § 2255 motion is untimely.  The respondent's motion for summary judgment is granted and Douglas's § 2255 motion is dismissed.

### *C.  Certificate Of Appealability*

Denial of Douglas's § 2255 motion raises the question of whether or not she should be issued a certificate of appealability for her claims therein.   The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>                          * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).   To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.   Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:   The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Douglas's § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Thus, Douglas does not make the requisite showing to satisfy § 2253(c) on her claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App.

## III. CONCLUSION

THEREFORE, for the reasons discussed above, the respondent's motion for summary judgment is granted and petitioner Douglas's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2012.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

11